UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**MAURICE COLLINS,**

       Plaintiff,

v.               **Case No. 16-cv-1151-pp**

**DR. CALLISTER, DR. HALPER,
AND DR. MANLOVE,**

       Defendants.

---

**DECISION AND ORDER GRANTING THE PLAINTIFF'S
MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE
FILING FEE (DKT. NO. 2) AND SCREENING THE COMPLAINT**

---

  The plaintiff, who is representing himself, is a prisoner at Waupun Correctional Institution (WCI). He filed this lawsuit under 42 U.S.C. §1983, Dkt. No. 1, along with a motion for leave to proceed without prepayment of the filing fee, Dkt. No. 2. This order resolves that request and screens the plaintiff's complaint.

  I.  <u>Motion for Leave to Proceed without Prepayment of the Filing Fee</u>

  The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. The PLRA allows a court to give an incarcerated plaintiff the ability to proceed with his lawsuit without prepaying the case filing fee, as long as he meets certain conditions. One of those conditions is that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b).

1

On August 31, 2016, U.S. Magistrate Judge William Duffin (the assigned judge at that time) ordered the plaintiff to pay an initial partial filing fee of $1.32. Dkt. No. 7. That same day, the plaintiff filed his refusal to consent to jurisdiction by a magistrate judge, so the clerk's office reassigned the case to this court. The plaintiff paid the $1.32 initial partial filing fee on September 12, 2016. Accordingly, the court will grant the plaintiff's motion. He will be required to pay the remainder of the filing fee over time as set forth at the end of this decision.

II.     Screening of the Plaintiff's Complaint

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint or portion thereof if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

A claim is legally frivolous "'when it lacks an arguable basis either in law or in fact.'" Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)). The court may, therefore, dismiss a claim as frivolous where it is "based on an indisputably meritless legal theory" or where the factual contentions are clearly "baseless." Neitzke, 490 U.S. at 327. "Malicious," although "sometimes treated as a synonym for 'frivolous,' . . . is

2

more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (internal citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead specific facts, and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts follow the principles set forth in Twombly. First, they must "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. A plaintiff must support legal conclusions with factual allegations. Id. Second, if there are well-pleaded factual

3

allegations, courts must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that the defendants: 1) deprived him of a right secured by the Constitution or laws of the United States; and 2) acted under color of state law. Buchanan-Moore v. Cnty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of N. Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

### A. The Plaintiff's Allegations

The plaintiff wrote to health services (HSU) and psychological services (PSU) and notified them that he was having suicidal thoughts. As a result, on January 14, 2016, they placed him on "crushed medication (meds) for his health and safety . . . ."[1] Dkt. No. 1 at 2. On January 29, 2016, a nurse (not one of the named defendants) notified the plaintiff that he was being taken off of crushed meds for being inappropriate. Id. Defendant Dr. Halper also notified the plaintiff that he was being taken off of crushed meds for being inappropriate toward HSU staff. Id.

---

[1] The plaintiff does not explain what it means to be "placed . . . on crushed medication;" the court assumes it means that health care staff give an inmate one pill at a time in crushed form to prevent the inmate from collecting pills over time for an improper use, such as a suicide attempt.

4

The plaintiff reminded Halper that Halper knew the plaintiff had a problem with being inappropriate, and questioned why Halper would take him off of crushed meds when the reason Halper had placed him on the crushed meds was to keep him from committing suicide. Id. Halper responded, "Mr. Collins you did it to yourself and I don't care what you do I'm just not going to deal with you anymore." Id. The plaintiff alleges that Halper then walked off smiling. Id.

The plaintiff wrote to defendants Dr. Callister and Dr. Manlove and requested that he be placed back on crushed meds because he didn't trust himself. Id. The plaintiff received no response. Id.

On February 21 and 22, 2016, the plaintiff submitted HSU and PSU forms, stating that he was still having thoughts of overdosing and wanted to be placed back on crushed meds. Id. at 3. HSU acknowledged receipt of the forms on February 23, 2016, and referred the requests to PSU. Id. Halper responded to the PSU forms on February 23, 2016, indicating that the plaintiff was taken off of crushed meds because of his inappropriate behavior toward HSU staff. Id.

On February 24, 2016, the prison moved the plaintiff from segregation to the North Program. Id. The plaintiff explains that in the North Program inmates are allowed to possess all of their non-controlled medications in their cells, to take at their discretion. Id. That same day, the plaintiff submitted a PSU form, stating, "Dr. Halper and Callister I am writing you because I don't feel safe over here with these meds in my cell and I am feeling suicidal and I have pleaded

5

with both of you to place [me] on crushed meds because I couldn't have meds in my possession." Id. at 4. The plaintiff received no response.

The next day, a corrections officer (not one of the defendants) came by the plaintiff's cell during his 11:00 p.m. round. Id. The plaintiff stopped the officer and told him that he had repeatedly asked to be placed on crushed meds because he was having thoughts of harming himself. Id. The plaintiff showed the officer the empty blister packets which had contained all of his pills, as well as all of the pills, which he had emptied onto his bed. Id. He then told the officer, "Since they want me to kill myself then that's what I'm going to do." Id. At that point, the plaintiff began ingesting the pills. Id.

The plaintiff was moved to segregation (it is unclear by whom) and evaluated by a nurse (not one of the defendants), who decided to transport the plaintiff to Waupun Memorial Hospital. Id. The hospital admitted the plaintiff into intensive care with "dangerously high levels of tylenol and Naproxen." Id. He experienced severe vomiting, stomach pains, nausea, headaches, and dizziness. Id.

**B. The Court's Analysis**

"Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates 'deliberate indifference to serious medical needs of prisoners.'" Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir. 1997). This standard contains both an objective element (i.e., that the medical needs be sufficiently serious) and a subjective

6

element (i.e., that the officials act with a sufficiently culpable state of mind). Id.

At this point, the plaintiff has made sufficient allegations for the court to allow him to proceed on his claim that defendants Callister, Halper, and Manlove showed deliberate indifference to his serious mental health needs in violation of the Eighth Amendment when they failed to take precautions with the plaintiff's medication despite his repeated statements that he wanted to harm himself.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2).

The court also **ORDERS** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prisoner trust account the $348.68 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The Secretary or his designee shall clearly identify the payments with the case name and number.

The court further **ORDERS** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, the clerk of court will send copies of the plaintiff's complaint and this order to the

Wisconsin Department of Justice for service on defendants Callister, Halper, and Manlove.

The court also **ORDERS** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, defendants Callister, Halper, and Manlove shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

The court further **ORDERS** that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. The Prisoner E-Filing Program is in effect at Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility and, therefore, if the plaintiff is no longer incarcerated at one of those institutions, he will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

The court advises the plaintiff that if he fails to make a timely submission, the court may dismiss this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

The court will send a copy of this order to the warden of the institution where the plaintiff is currently incarcerated.

Dated in Milwaukee, Wisconsin this 19th day of September, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge